**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DARVELLE HUTCHINS, PH.D.** | * | **CIVIL ACTION NO. 26-2176** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **GMB MANAGEMENT LLC** | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |
| * * * * * * * | * | |

**ORDER & REASONS**

Before the Court is a Motion to Compel Arbitration filed by GMB Management LLC ("GMB"), R. Doc. 9, and a Motion for Limited Arbitration Related Discovery filed by Plaintiff Dr. Darvelle Hutchins, R. Doc. 24. The parties have fully briefed both motions. R. Docs. 9, 12, 20, 24, 26, 29. Considering the record, briefing, and applicable law, the Court rules as follows:

## I. BACKGROUND

Dr. Hutchins brings this action against his former employer, GMB, alleging interference in violation of the Family and Medical Leave Act ("FMLA"), retaliation in violation of the FMLA, Title VII, and 42 U.S.C. § 1981, failure to provide reasonable accommodations in violation of the Americans with Disabilities Act and La. R. S. 23:323, and delictual liability under La. Civ. Code art. 2315. R. Doc. 1 at 21–32. Dr. Hutchins began his employment with GMB in 2022 in the role of Senior Director of Culture, Diversity, and Inclusion. *Id.* at 5. In February 2023, Dr. Hutchins signed an arbitration agreement with GMB (hereinafter, "2023 Agreement"). *See id.* at 16; R. Doc. 9-2 at 3. The 2023 Agreement provided, in relevant part:

> The parties agree that any dispute, controversy, or claim between Employee and GMB, including without limitation, any dispute arising from Employee's employment with GMB or otherwise, shall be resolved exclusively through final and binding arbitration. This agreement to arbitrate shall apply to all claims and disputes between Employee and GMB . . . .

R. Doc. 9-2 at 3.

In 2025, GMB presented employees a revised arbitration agreement (hereinafter, "2025 Agreement"). R. Doc. 1 at 16. GMB made its employees' continued employment conditional on signing the 2025 Agreement. *Id.* at 17–18; R. Doc. 9-1 at 2. Dr. Hutchins elected not to sign the 2025 Agreement, and GMB terminated his employment. R. Doc. 1 at 18–19. Dr. Hutchins thereafter filed suit in this Court.

## II. PRESENT MOTIONS

### A. Motion to Compel Arbitration

GMB moves to compel arbitration on the ground that the 2023 Agreement is a valid agreement to arbitrate the claims asserted in this litigation. R. Doc. 9-1 at 1. GMB maintains that the 2023 Agreement is an enforceable arbitration agreement under Louisiana law and the present dispute falls within the scope of the agreement, which broadly covers "any dispute, controversy, or claim between [an] [e]mployee and GMB . . . ." *Id.* at 5, 8. GMB further represents that it never agreed, either expressly or implicitly, to dissolve the 2023 Agreement with Dr. Hutchins. *Id.*

Dr. Hutchins opposes the motion. R. Doc. 12. Dr. Hutchins' advances two theories for why the 2023 Agreement is no longer binding. First, Dr. Hutchins suggests that the 2023 Agreement could have been dissolved through the mutual consent of the parties. *Id.* at 8. Dr. Hutchins cites several Louisiana state court cases for the principle that dissolution can occur through oral communications or conduct, but provides no explanation of how the parties in this case expressed their desire to dissolve the 2023 Agreement. *Id.* 8–9. Second, Dr. Hutchins suggests that the 2023 Agreement may have been extinguished through a process of novation. *Id.* at 12. Dr. Hutchins again cites several Louisiana state court cases holding that parties' conduct may evidence novation, but fails to explain how the doctrine applies in this context. *Id.* at 12.

GMB replied by emphasizing two points. R. Doc. 20. First, dissolution requires the mutual consent of both parties, and Dr. Hutchins has failed to present any evidence that dissolution

occurred. *Id.* at 4. Second, novation occurs when parties extinguish an existing obligation by substituting it for a new one. *Id.* GMB maintains that it never entered a new arbitration agreement with Dr. Hutchins, so novation could not have occurred. *Id.*

**B. Motion for Leave to Conduct Arbitration-Related Discovery**

After GMB moved to compel arbitration, Dr. Hutchins filed a Motion for Leave to Conduct Arbitration-Related Discovery. R. Doc. 24. Therein, Dr. Hutchins argues that GMB's decision to demand execution of the 2025 Agreement as a condition of continued employment raises a genuine question as to whether GMB also decided to terminate the 2023 Agreement and "whether that decision was implemented through legally effective acts independent of Hutchins' signature." *Id.* at 1–2. Dr. Hutchins represents that the 2025 Agreement materially revised the 2023 Agreement by adding new provisions governing the arbitration of claims and expanding confidentiality restrictions on books, publications, interviews, and accounts of workplace experiences. *Id.* at 2, 5. Dr. Hutchins maintains that these material revisions raise a genuine question as to whether GMB sought to terminate the 2023 Agreement, despite Dr. Hutchins declining to sign the 2025 Agreement. *Id.* at 4, 6. Dr. Hutchins asks for limited discovery on GMB's internal records to investigate whether the company believed the 2023 Agreement was no longer operative. *Id.* at 10–11.

GMB opposes the motion. R. Doc. 26. GMB emphasizes that Dr. Hutchins' dissolution theory is entirely speculative and provides insufficient grounds for opening discovery. *Id.* at 3. GMB notes the strong federal policy in favor of moving arbitrable disputes out of court and into arbitration as quickly as possible. *Id.* at 2. Finally, GMB presses that the requested discovery is immaterial because GMB's internal records regarding the 2025 Agreement rollout cannot alone prove that GMB and Dr. Hutchins agreed to terminate the 2023 Agreement. *Id.* at 5.

Dr. Hutchins replied by introducing two new theories absent from his two previous

memoranda. R. Doc. 29. First, Dr. Hutchins speculates that GMB may have waived the arbitration requirement sometime prior to litigation. *Id.* at 2. Second, Dr. Hutchins maintains that the 2023 Agreement may have been extinguished through a process of remission pursuant to La. Civ. Code art. 1888. *Id.* Dr. Hutchins offers no evidence of waiver or remission occurring.

## III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") expresses a strong policy in favor of enforcing arbitration agreements. *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 294 (5th Cir. 2005). Section 2 of the FAA provides, in relevant part, "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable. . . ."

Whether an arbitration clause is enforceable turns on a two-step analysis. "First, the court must determine whether the parties agreed to arbitrate the dispute." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003). The first step is subdivided into two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* The movant carries the burden of demonstrating a valid arbitration agreement covers the litigation. *Halliburton Energy Servs. v. Ironshore Specialty Ins.*, 921 F.3d 522, 531 (5th Cir. 2019). Ordinary state-law principles apply to this analysis. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). The second step requires courts to consider whether any federal statute or policy renders the claims nonarbitrable. *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992). Where no such statute or policy exists, a court should compel arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628–29 (1985).

## IV. DISCUSSION

### A. Motion to Compel Arbitration

GMB moves to compel arbitration on the basis that the 2023 Agreement is a lawful arbitration agreement covering the present dispute. In its motion, GMB explains how the four requirements to contract in Louisiana—capacity, mutual consent, certain object, and a lawful purpose—are satisfied and attaches a copy of the 2023 Agreement bearing Dr. Hutchins' signature. R. Doc. 9-1 at 5–7. Dr. Hutchins acknowledges that he entered into the 2023 Agreement and that the agreement was valid when executed. R. Doc. 12 at 2. Dr. Hutchins maintains, however, that the parties terminated the 2023 Agreement through novation or dissolution.

Novation under Louisiana law occurs when parties to a contract substitute an existing obligation for a new one. La. Civ. Code art. 1879. Novation requires the mutual consent of both parties. *Id.* There is no evidence that Dr. Hutchins and GMB agreed to substitute the arbitration provision in the 2023 Agreement with other obligations. Dissolution occurs when both parties, by mutual consent, agree to terminate the existing obligations. La. Civ. Code art. 1983; *see also Guarantee Sys. Const. & Restoration, Inc. v. Anthony*, 97-1877, p. 11 (La. App. 1 Cir. 9/25/98), 728 So. 2d 398, 403, *writ denied*, 98-2701 (La. 12/18/98), 734 So. 2d 636. Dr. Hutchins has neither presented evidence nor alleged any facts to explain how the parties dissolved the 2023 Agreement. With no evidence to suggest the 2023 Agreement was terminated, the Court finds that GMB has met its burden of establishing the existence of a valid arbitration agreement.

The final two considerations in the arbitration analysis are readily satisfied. Dr. Hutchin's claims concern his employment with GMB and the 2023 Agreement covers "any dispute arising from [Dr. Hutchins'] employment" with the company. R. Doc. 9-2 at 3. Dr. Hutchins does not dispute that his claims fall within the scope of the agreement. *See* R. Doc. 12. Finally, there are no statutes or policies barring arbitration in this case.

**B. Discovery is Unwarranted**

The FAA "calls for a . . . speedy disposition of motions or petitions to enforce arbitration

clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29, 103 (1983). It was "Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id.* To serve this end, the Fifth Circuit has instructed that, when considering claims brought under the FAA, federal courts are to "conduct an expeditious and summary hearing, with only restricted inquiry into factual issues bearing on the making of the arbitration agreement." *Snap-on Tools Corp. v. Mason*, 18 F.3d 1261, 1265 n. 4 (5th Cir. 1994) (internal quotation marks omitted). Arbitration-related discovery is generally inappropriate absent a compelling showing that such discovery is required. *Kulpa v. OM Fin. Life Ins.*, No. 1:07–cv–1136, 2008 WL 351689, at *1 (S.D. Miss. Feb. 6, 2008); *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 501 (5th Cir. 2009); *Siefke v. Toyota Motor N. Am., Inc*., No. 4:25-CV-406, 2025 WL 2901531, at *2 (E.D. Tex. Oct. 10, 2025).

Dr. Hutchins offers no account whatsoever of how he and GMB mutually terminated the 2023 Agreement through dissolution or novation, information of which Dr. Hutchins would necessarily have knowledge. Equally, Dr. Hutchins provides no support for his eleventh-hour theories that GMB waived the 2023 Agreement or that the Agreement was extinguished through remission.[1] In keeping with the federal policy favoring the speedy resolution of motions to compel arbitration, the Court finds it inappropriate to open discovery when Dr. Hutchins' discovery request is based on nothing more than speculation.

## V. CONCLUSION

Based on the foregoing;

---

[1] The Court further notes that Dr. Hutchins' wavier and remission arguments are untimely and improper because they were raised for the first time in a reply memorandum. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.").

**IT IS ORDERED** that Defendant GMB's Motion to Compel Arbitration, R. Doc. 9, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Darvell Hutchin's Motion for Leave to Conduct Limited Arbitration-Related Discovery, R. Doc. 24, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that this matter is hereby **STAYED** and **ADMINISTRATIVELY CLOSED**. The parties may reopen this case, if necessary, within 30 days of the conclusion of arbitration proceedings.

New Orleans, Louisiana, this 17th day of November, 2026.

Eldon E. Fallon

THE HONORABLE ELDON E. FALLON